UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA VANDYKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK,<br><br>　　　　Defendant. | No. 2:15-cv-2214-KJM-EFB (TEMP) PS<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons stated below, it is recommended that the motion be granted.[2]

BACKGROUND

Plaintiff commenced this action on September 21, 2015, by filing a complaint in the San Joaquin County Superior Court. ECF No. 1-1 at 22-26.[3] He filed an amended complaint on October 21, 2015, ECF No. 12, and thereafter defendant removed the matter to this court based on diversity jurisdiction, ECF No. 1.

---

[1] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in resolution of the motion and the matter was ordered submitted. ECF No. 17.

[3] Page number citations are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

# STANDARDS

## I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

Plaintiff's amended complaint alleges, in relevant part, as follows. On November 19, 2014, plaintiff purchased property located at 4407 La Cresta Way #4, Stockton, CA 95207, ("property"), at a county tax foreclosure auction. ECF No. 12 at 8. On March 12, 2015, plaintiff filed a quiet title lawsuit, "that would release the one year period and release liens (clouds) defects on the title to be able to have clear title in order to sell the property."[4] *Id.* Defendant did not answer plaintiff's complaint in that action. *Id.*

Plaintiff now needs to sell the property to pay debts. *Id.* at 10. However, the "[d]efendant is keeping plaintiff from selling the property out of spite." *Id.* at 11. In this regard, defendant could "sign the waiver of rights by giving up their rights to challenge the tax sell (sic) so Plaintiff can" sell the property. *Id.*

Defendant's motion argues that under California law, "the prior owners and/or any lien holds have a one year statute of limitations to challenge the tax sale," something expressly explained to prospective buyers on the San Joaquin County Public Auction webpage. ECF No. 14 at 6. In this regard, defendant argues that plaintiff's action "is based on primarily . . . the fact that Wells Fargo has not provided her clear title during this one year period," something plaintiff "cannot complain about." *Id.*

California "Revenue and Taxation Code section 3725 . . . provides that 'a proceeding based upon alleged invalidity or irregularity of' a sale of tax-defaulted real property 'can only be commenced within one year after the date of execution of the tax collector's deed.'" *Mayer v. L&B Real Estate*, 43 Cal.4th 1231, 1238 (Cal. 2008) (quoting CAL. REV. & TAX CODE § 3725).

---

[4] Defendant contends that action is San Joaquin County Superior Court case number 39-2015-00322802-CU-OR-STK. ECF No. 14 at 4.

1 Similarly, California Revenue and Taxation Code § 177(a) provides a one-year statute of limitation to bring an action based on the "alleged invalidity or irregularity of any deed . . . issued upon the sale of property by any taxing agency . . . in the enforcement of delinquent property taxes . . . ."

Accordingly, while it is clear that plaintiff is frustrated by her perception that the defendant "is going to drag out the Plaintiff's case by stretching it as far as they can go," ECF No. 12 at 11, as plaintiff's amended complaint acknowledges, defendant "has a choice to release themselves from [the] title if they want." *Id.* at 11-12. The fact that the defendant has not elected to waive the right to challenge the sale within one year is not the basis for a cause of action.

Nonetheless, based on the allegations addressed above, the amended complaint attempts to assert two vague and conclusory causes of action. In this regard, the amended complaint alleges that the defendant committed "unfair debt collection practices." *Id.* at 12. However, the amended complaint fails to allege that the defendant is a debt collector. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (dismissing FDCPA claims brought by mortgagors against mortgagee Wells Fargo as Wells Fargo was not a "debt collector" because complaint "establishe[d] only that debt collection is some part of Wells Fargo's business" and did not allege that Wells Fargo "collects debts owed to someone other than Wells Fargo").

The amended complaint also attempts to assert a cause of action for "unfair business practices and fraud." ECF No. 12 at 11-12. However, when a plaintiff raises claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir.1996)). Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why

4

allegedly misleading statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n. 7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)). Here, plaintiff's amended complaint fails to plead any evidentiary facts in violation of Rule 9(b).

Moreover, California's Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Section 17200 incorporates other laws and treats a violation of those laws as an unlawful business practice independently actionable under California state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). "In order to state a claim for a violation of the [§ 17200], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of California*, 189 Cal.App.4th 1117, 1136 (2010). If a plaintiff fails to establish a violation of some other law, the allegation of a § 17200 claim will also fail. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL."). Here, the court has found that plaintiff's amended complaint fails to state any other valid claim. Accordingly, plaintiff's claim for violation of California Business & Professions Code § 17200 also fails.

For all of the reasons stated above, the undersigned finds that defendant's motion to dismiss should be granted.

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff could further amend her complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). *See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, in light of the deficiencies noted above and the nature of plaintiff's allegations, the undersigned finds that it would be futile to grant plaintiff further leave to amend in this case.

## CONCLUSION

Accordingly, IT IS ORDERED that plaintiff's November 18, 2015 motion to remand (ECF No. 11), February 3, 2016 motion to amend her motion to remand (ECF No. 18) and February 11, 2016 amended motion to remand (ECF No. 20) are denied without prejudice.[5]

Further, IT IS RECOMMENDED that:

1. Defendant's December 3, 2015 motion to dismiss (ECF No. 14) be granted;

2. Plaintiff's October 21, 2015 amended complaint (ECF No. 12) be dismissed without leave to amend; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 17, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Although plaintiff failed to file an opposition to defendant's motion to dismiss, plaintiff filed a motion to remand, ECF No. 11, a motion to amend her motion to remand, ECF No. 18, and an amended motion to remand, ECF No. 20.  In light of these findings and recommendations, plaintiff's motions are denied without prejudice to renewal in the event these findings and recommendations are not adopted by the assigned district judge.